UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO JIMENEZ-PEREZ<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>          Respondent. | CASE NO. 13-cv-0246-AJB<br>CRIM. NO. 12-cr-0185-AJB-1<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**<br><br>[Doc. No. 32 in 12-cr-0185-AJB-1] |

Presently before the Court is a motion by Petitioner, Lorenzo Jimenez Perez ("Petitioner"), to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. 2255. (Doc. No. 25.) Petitioner, a federal inmate proceeding *pro se*, seeks relief on the grounds that the court erred by: 1) allowing immigration authorities to place an immigration hold on him; 2) not requiring a jury indictment; 3) ordering supervised release and probation; 4) denying him a fast-track sentence reduction; and 5) failing to advise him of the essential elements of his crime. (Doc. No. 25.) The Government filed a response in opposition on May 10, 2013. (Doc. No. 32.) Having considered the parties' arguments, and for the reasons set forth below, the Petitioner's motion is hereby **DENIED**.

# BACKGROUND

On December 19, 2011, Petitioner was arrested for violation of 18 U.S.C. § 1544, Misuse of a Passport. (Doc. No. 19.) Pursuant to a Plea Agreement entered February 6, 2012, ("Plea Agreement"), Petitioner plead guilty to 18 U.S.C. § 1544. (Doc. No. 16 ¶ II.)  The Plea Agreement set forth that the Petitioner understood he was pleading guilty to an information and agreed to waive indictment. (*Id*. ¶ I.) The Plea Agreement further stated that Petitioner "has fully discussed the facts of the case with the defense counsel," "has committed each of the elements of the crime," and understands the crime to which he had pleaded guilty carries "a term of supervised release of not more than 3 years." (*Id*. ¶¶ I.B, III.D.) The Plea Agreement goes on to state that the Petitioner had "a full opportunity to discuss all the facts and circumstances of this case with defense counsel," and he had a "clear understanding of the charges and consequences of this plea." (*Id*. ¶ VI.A.) Additionally, in exchange for the Government's concessions in the Plea Agreement, Petitioner waived "any right to appeal or collaterally attack the conviction and sentence," unless the court orders a sentence "above the greater of the high end of the guideline range recommended by the government." (*Id*. ¶ XI.)

At a hearing on January 17, 2012 before Magistrate Judge Peter C. Lewis, the Petitioner, with the assistance of a Spanish-language interpreter, stated under oath that he signed and understood the "Waiver of Indictment." (Doc. No. 27 at 3:4-23, Doc. No. 9.) At the Change of Plea Hearing on February 14, 2012 before Magistrate Judge Bernard Skomal, with the assistance of a Spanish-language interpreter, (Govt. Ex. D, at 2:18), the Petitioner pled guilty under a fast-track plea agreement. (Govt. Ex. D.) The Petitioner stated that he understood the nature of his offense, (*Id*. at 4:15-16), and that the court would supplement his sentence with a period of supervised release. (*Id*. at 5:4-10.)

The Petitioner, with the assistance of a Spanish-language translator, appeared for his Sentencing Hearing before Judge Battaglia on May 3, 2012. (Doc. No. 29 at 2:11-13.) During the hearing, counsel for Petitioner requested that the court grant downward departures based on cultural assimilation under a combination of circumstances under

5K2.0 and over-representation of criminal history.  (Doc. No. 29 at 3:20-25.) The Government maintained that the low-end guideline calculation of 21 months was sufficient, but not greater than necessary. (*Id*. at 6:7-10). The Court granted the Government's motion for a two-level fast-track sentencing departure, and as a result, the Petitioner's adjusted offense total was within the Government-recommended 21-to-27 month range.[1] (*Id*. at 3:6-9.)

On January 29, 2013, Petitioner filed the instant motion alleging the court erred by: 1) permitting the immigration authorities to place an immigration hold on him; 2) not requiring a jury indictment; 3) ordering supervised release and probation; and 4) denying him a fast-track sentence reduction. (Doc. No. 25. at 2-3) Petitioner also contends that he was never advised of the essential elements of his crime and did not have access to a translator during his sentencing. (*Id*. at 3.)

## **LEGAL STANDARD**

In the Ninth Circuit a defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) *cert. denied*. A defendant's waiver of his right to appeal is enforceable if the waiver includes the right to appeal based on the grounds defendant raised and he submits to the waiver knowingly and voluntarily. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011). If the plea is voluntarily and knowingly made, it waives all non-jurisdictional defenses or objections which might have been made, and in turn prevents collateral attack via § 2255 based on those grounds. *Burton v. United States*, 307 F. Supp. 448, 449 (D. Ariz. 1970). The Ninth Circuit approves of such waivers on public policy grounds because finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990).

---

[1] The Petitioner's sentence was based on the following calculations pursuant to the Sentencing Summary Chart: Base offense level of 8, increased four levels for fraudulent use of a passport, increased two levels for prior deportation, decreased by two levels for acceptance of responsibility, and decreased two levels for fast-track departure. (Doc. No. 21 at 2.)

Under 18 U.S.C.A. § 3742(c)(1), in the case of a plea agreement that includes a specific sentence under Rule 11(e)(1)(c) of the Federal Rules of Criminal Procedure, a defendant may not file an appeal unless the sentence imposed is greater than the sentence set forth in the plea agreement. The word "sentence" encompasses both prison time and periods of supervised release in other parts of Title 18 as well. *See United States v. Soto-Olivias*, 44 F.3d 788, 790 (9th Cir. 1990).

The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that it was involuntary due to ineffective assistance of counsel. *See Washington v. Lampert*, 422 F. 3d 864, 871 (9th Cir. 2005). A district court may not deny a section 2255 petition without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In order for the petitioner to qualify for an evidentiary hearing, he must make "specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

## DISCUSSION

As a preliminary matter, the Court notes that the majority of the Petitioner's motion appears to challenge subsequent immigration and deportation proceedings conducted by the Department of Homeland Security ("DHS"), that were not part of any of the Petitioner's hearings in this Court. These proceedings, and Petitioner's challenges thereto, are outside the scope of a section 2255 petition and therefore not properly before this Court.

In the remaining portions of the Petitioner's motion, he seeks relief under § 2255 on the grounds that "his guilty admission is not valid" in the absence of an indictment "and having a translator to assist the Defendants in his sentencing trial", "particularly if the Defendant's comprehension is questionable." The Petitioner goes on to say "that he only did what his counsel of record told him to say . . .". Doc. No. 25, at 3. The Petitioner contends that the court erred by: 1) not requiring a jury indictment; 2) ordering

supervised release and probation; 3) denying him a fast-track sentence reduction; and 4) failing to advise him of the essential elements of his crime. (Doc. No. 25.)

### I.   *Court Erred By Not Requiring A Jury Indictment*

The Petitioner contends that the court erred by not allowing him a jury indictment. (Doc. No. 25 at 3.) However, the Plea Agreement sets forth that Petitioner agreed to waive Indictment, (Doc. No. 16 at 2 ¶ I), and as part of his waiver of trial rights, to waive the right to "a speedy and public trial by jury." (*Id*. at 3 ¶ IV.) Petitioner also admitted at his Sentencing Hearing, through his affirmation of the Plea Agreement, that he understood that he was waiving his right to jury indictment by signing the Waiver of Indictment form and that he wished to do so. (Doc. No. 29, Sentencing Hearing at 3:11-16.) The Plea Agreement further states that Petitioner, "by signing this agreement," "certifies that defendant has read it (or that it has been read to defendant in defendant's native language)." (Doc. No. 16 at 11 ¶ XV.) Petitioner, defense counsel, and the United States signed the Plea Agreement. (*Id*. at 11:24.) Because the record indicates that the waiver was voluntary and this claim does not relate to defense counsel's performance, this claim cannot support Petitioner's motion to vacate based on involuntary waiver or ineffective assistance of counsel.

### II.   *Court Erred by Ordering Supervised Release*

The Petitioner contends that the court erred by ordering supervised release and probation. (Doc. No. 25, Motion to Vacate at 3.) However, the Findings and Recommendation of Judge Skomal indicate that Petitioner understood "the maximum possible sentence that could be imposed (including imprisonment, fine, term of supervised release, and mandatory special assessment)," as well as "the effect of a supervised release term." (Doc. No. 14 at 2:17-20.) Furthermore, the Plea Agreement contains an express provision for supervised release that states that if the petitioner "is placed on a term of supervised release (18 U.S.C. § 3583), the defendant shall not seek to modify the terms or length of supervised release without the advance consent of the Government."

(Doc. No. 16 at 9:7-11.) Based upon the foregoing, the Court finds that supervised release and probation were clearly set forth in the Petitioner's Plea Agreement.[2] As such, the Petitioner may not file an appeal unless the sentence imposed is greater than the sentence set forth in the plea agreement. The word "sentence" encompasses both prison time and periods of supervised release in other parts of Title 18 as well. *See United States v. Soto-Olivias*, 44 F.3d 788, 790 (9th Cir. 1990). The record clearly indicates that the Court did not impose a sentence greater than the high end of the Guideline range recommended by the Government.[3] Because the Court did not impose a sentence above the high end of the guideline range recommended by the Government, the Petitioner's waiver precludes collateral attack on this ground.

### III.   *Court Erred by Denying a Fast-Track Sentence Reduction*

Next, Petitioner contends that the court erred in denying him a fast-track sentence reduction. (Doc. No. 25 at 3.) At the Sentencing Hearing, however, the Court stated that "[the] Government has moved for a two-level fast track departure, which I'll grant." (Doc. No. 29 at 3:6-7.) Since the Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence on any ground in exchange for a two-level reduction of his guideline sentence, the Court finds the Petitioner's contention to be wholly without merit. *See* Doc. No. 32, Govt. Ex. E at 9.

---

[2] The Petitioner's waiver of appeal and collateral attack was expressly outlined, in writing, in Jimenez's plea agreement. *See* Doc. No. 32, Govt. Ex. E at 9. That waiver provides as follows:
> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guidelines range recommended by the Government pursuant to the this agreement at the time of sentencing . . . .

In open court, Jimenez admitted that he had gone over this provision and that he agreed to all its terms and conditions. *See* Doc. No. 32, Govt. Ex. D. at 7.

[3] The Court's 21-month sentence was the low-end of the guidelines range. *See* Doc. No. 32, Govt. Ex. F at 8.

### *IV.  Never Advised of the Essential Elements of his Crime*

Finally, Petitioner contends that he was never advised of the essential elements of his crime. (Doc. No. 25 at 3.) However, in the Waiver of Indictment form Petitioner declares that he was "advised of the nature of the charges" and "the proposed information." (Doc. No. 9.) Additionally, in the Plea Agreement under the subsection "Nature of the Offense" it states that Defendant "has fully discussed the facts of this case with defense counsel" and "has committed each of the elements of the crime." (Doc. No. 16, Plea Agreement at ¶ II. B.) Based upon the foregoing, the Court finds the record clearly indicates that the Petitioner was advised by the Court of the essential elements of his crime.

### *V.  Involuntary Waiver, Ineffective Assistance of Counsel and Did Not Have Access to an Interpreter During the Sentencing Hearing*

The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that it was involuntary due to ineffective assistance of counsel. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005). While the Petitioner alleges that his comprehension was questionable, he fails to provide "specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). The Petitioner has failed to plead a claim of involuntarily waiver. The Findings and Recommendation issued by Magistrate Judge Bernard G. Skomal evidence that the Petitioner's guilty plea was made knowingly and voluntarily. (Doc. No. 14, at 2:24-26.) Because Petitioner knowingly and voluntarily waived his right to appeal, he likewise waived non-jurisdictional defenses or objections, which in turn prevents collateral attack via § 2255 based on these grounds.

The Petitioner has not present and argument or factual allegations regarding his counsel during any of the proceeding in this Court, and as such, has failed to plead a claim of involuntary waiver due to ineffective assistance of counsel. *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

Finally, it is unclear from the motion whether the Petitioner was contending that he did not have access to a translator during his sentencing hearing. (Doc. No. 25 at 3.) The Petitioner stated:

> His guilty admission is not valid, and having a translator to assist the defendant in his sentencing trail or having the sentencing judge informing the defendant of the nature of the crime in his sentencing trail with the obsence of a prosecution indictment is not valid, particularly if the defendant's comprehension is questionable. See Doc. No. 25, at 3, ¶B.

Even if the Petitioner were claiming he was not provided with a Spanish-interpreter, the record clearly indicates that a Spanish-interpreter was provided at each hearing. *See* Doc. No. 29 at 2:11-13. (Defense counsel stating that Petitioner "is being assisted by a Spanish-Language interpreter").

## **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court is instructed to close the case and enter judgment accordingly.

IT IS SO ORDERED.

DATED: June 21, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge